```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF TENNESSEE
                      WESTERN DIVISION
```

| | |
|---|---|
| **STEPHEN J. STIRLING,** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
| v. ) | **No. 12-2737** |
| ) | |
| **BARRY HUNT and TERESA HUNT,** ) | |
| ) | |
|     **Defendants.** ) | |

**ORDER DENYING DEFENDANTS' SECOND MOTION TO STAY DISCOVERY**

    Before the Court is Defendants Barry Hunt and Teresa Hunt's (collectively "Defendants") November 9, 2012 Second Motion to Stay Discovery. (ECF No. 12.) Defendants filed a First Motion to Stay Discovery on October 17, 2012 (ECF No. 8.), which the Court denied on October 24, 2012. (ECF No. 9.)

    The Court has broad discretion to manage the conduct of discovery, including authority to stay discovery when certain claims may be dismissed as a matter of law. <u>Falzone v. Licastro</u>, No. 1:10-cv-2918, 2011 U.S. Dist. LEXIS 84510, at *2 (N.D. Ohio Aug. 2, 2011). However "[t]he mere fact that a party has filed a case-dispositive motion is usually deemed insufficient to support a stay of discovery." <u>Id.</u> (internal citations omitted). Defendants' First Motion contended that a stay was warranted because motions were pending to dismiss

Plaintiff's claims as a matter of law.  The Court found that Defendants' First Motion was not well taken and denied the requested stay.  Defendants' Second Motion does not allege any facts, raise any arguments, or cite any authorities not contained in their First Motion.  Defendants' Second Motion is not well taken, and it is DENIED.

    So ordered this 15th day of November, 2012.

                                       s/ Samuel H. Mays, Jr.\_\_  
                                       SAMUEL H. MAYS, JR.  
                                       UNITED STATES DISTRICT JUDGE