IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| STEPHEN J. STIRLING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 12-2737 |
| | ) | |
| BARRY HUNT and TERESA HUNT, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DENYING MOTION TO AMEND COMPLAINT AND GRANTING MOTION TO DISMISS

Before the Court is Plaintiff Stephen J. Stirling's ("Stirling") December 28, 2012 Motion to Amend Complaint. (Mot. to Amend, ECF No. 17.) Defendants Barry Hunt and Teresa Hunt (collectively "the Hunts") filed a Response in opposition to Stirling's Motion on January 14, 2013. (Resp. Mot. to Amend, ECF No. 19.) Also before the Court is Barry Hunt's October 3, 2012 Motion to Dismiss Stirling's First Amended Complaint as barred by res judicata. (Barry Hunt Mot. to Dismiss, ECF No. 7.) Stirling filed a Response in opposition on October 31, 2012. (Resp. Barry Hunt Mot., ECF No. 10). Also before the Court is Teresa Hunt's September 4, 2012 Motion to Dismiss Stirling's First Amended Complaint for lack of personal jurisdiction. (Teresa Hunt Mot. to Dismiss, ECF No. 3.)

Stirling filed a Response in opposition on October 2, 2012.
(Resp. Teresa Hunt Mot., ECF No. 5).

For the following reasons, Stirling's Motion to Amend
Complaint is DENIED.  Barry Hunt's Motion to Dismiss is GRANTED.
Teresa Hunt's Motion to Dismiss is GRANTED.

## I.  Background

The facts stated are those alleged in Stirling's First Amended
Complaint unless otherwise indicated.  Stirling brought this
action in the Chancery Court of Tennessee for the Thirtieth
Judicial District against the Hunts individually, doing business
as or as an officer or owner of United Mortgage Desoto, UMD
Financial, and Paragon Home Loans, LLC.  (First Am. Compl., ECF
No. 1-1.)  On August 27, 2012, the Hunts removed the case to
this Court on the ground of diversity of citizenship.  (Notice
of Removal, ECF No. 1.)

Stirling alleges that on May 20, 2003, he obtained a Veteran's
Administration home loan for residential property located in
Shelby County, Tennessee.  (First Am. Compl. ¶ 1.)  The loan was
serviced by Wells Fargo Home Mortgage ("Wells Fargo").  (Id.)
Stirling alleges that he timely paid his mortgage up to July 1,
2009, when he attempted to get a loan modification as a result
of financial hardship caused by the death of his wife.  (Id. ¶¶
2-3.)  Stirling alleges that he called Barry Hunt ("Hunt") on
July 1, 2009, and that Hunt agreed to handle Stirling's loan

modification and advised him to stop making payments on his existing mortgage. (Id. ¶ 3.) He alleges that Hunt told him he could not get a modification without Hunt's expert help and that Wells Fargo would not grant a modification while mortgage payments were still being made. (Id.)

Stirling alleges that Hunt was not authorized to communicate with Wells Fargo on Stirling's behalf and that, without Stirling's knowledge, Hunt impersonated Stirling when communicating with Wells Fargo about Stirling's loan. (Id. ¶ 4.) Stirling alleges that Hunt had the knowledge and acquiescence of Teresa Hunt when he impersonated Stirling. (Id.) Stirling alleges that Hunt was unreachable and did not keep him apprised of the status of his modification. (Id.) He alleges that, when he was able to reach Hunt, Hunt told him again not to make his mortgage payments and to ignore foreclosure notices. (Id.) Stirling alleges that Hunt communicated with Stirling using both Hunt's individual name and the names of his businesses with the knowledge and acquiescence of Teresa Hunt. (Id.)

Stirling alleges that he went into default on his mortgage and Wells Fargo initiated foreclosure on his property because of Hunt's actions. (Id. ¶ 5.) Stirling alleges that Hunt asked Stirling to send Hunt money to do "emergency work" to stop foreclosure on Stirling's property. (Id.) Stirling alleges that

a foreclosure sale of his property was scheduled for January 15, 2010, but that the sale actually occurred on February 12, 2010. (Id. ¶ 6.)  He alleges that Hunt sent him a bill for $2,000.00 for "stopping foreclosure and for modification for your loan" on January 14, 2010.  (Id.)  He alleges that Hunt resent the same bill on January 15, 2010, but requested that the money be sent to Teresa Hunt rather than to Hunt himself or one of his businesses.  (Id.)  Stirling alleges that, after the foreclosure sale was completed on February 12, 2010, he received an additional bill from Hunt for $450.00 for "current emergency and additional work."  (Id.)  Stirling alleges that Hunt never revealed his actual identity or the fact that he had instructed Stirling not to pay his mortgage to Wells Fargo before it foreclosed on Stirling's property.  (Id.)

## II.  Jurisdiction

Subject-matter jurisdiction is proper in this court under 28 U.S.C. § 1332, the parties are completely diverse and the amount in controversy exceeds $75,000.  Personal jurisdiction over Teresa Hunt is the underlying issue in Stirling's Motion to Amend Complaint, and it will be addressed below.

## III. Choice of Law

In a diversity action, state substantive law governs.  See Brocklehurst v. PPG Indus., Inc., 123 F.3d 890, 894 (6th Cir. 1997) (citing Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78

(1938)). To determine the governing state law, a federal district court must apply the choice-of-law rules of the state in which it sits. See Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 496 (1941); Montgomery v. Wyeth, 580 F.3d 455, 459 (6th Cir. 2009) (citation omitted).

For contract claims, Tennessee follows the rule of lex loci contractus, which provides that "a contract is presumed to be governed by the law of the jurisdiction in which it was executed absent a contrary intent." Vantage Tech., LLC v. Cross, 17 S.W.3d 637, 650 (Tenn. Ct. App. 1999) (citing Ohio Cas. Ins. Co. v. Travelers Indem. Co., 493 S.W.2d 465, 467 (Tenn. 1973)); see also Southeast Tex. Inns, Inc. v. Prime Hospitality Corp., 462 F.3d 666, 672 n.8 (6th Cir. 2006) (observing that "Tennessee adheres to the rule of lex loci contractus."). "If the parties manifest an intent to instead apply the laws of another jurisdiction, then that intent will be honored provided certain requirements are met": (1) the choice of law provision must be executed in good faith, (2) the chosen jurisdiction must bear a material connection to the transaction, (3) the basis for the choice of law must be reasonable, and (4) the choice of "another jurisdiction's law must not be 'contrary to a fundamental policy of a state having a materially greater interest and whose law would otherwise govern.'" Vantage Tech. 17 S.W.3d at 650 (citations omitted).

Although Stirling includes a cause of action for breach of contract against the Hunts, neither his First Amended Complaint nor his Proposed Amended Complaint alleges the existence of a written contract between Stirling and the Hunts. Neither party has entered any contract into the record. Stirling alleges that he entered into a verbal agreement with the Hunts and alleges generally that "[t]he actions complained of took place in Shelby County, Tennessee." (First Am. Compl.) Neither party has manifested an intent to apply the law of a different jurisdiction. The Court will apply the substantive law of Tennessee to all contract-related claims.

For tort claims, Tennessee follows the "most significant relationship" rule, which provides that "the law of the state where the injury occurred will be applied unless some other state has a more significant relationship to the litigation." Hicks v. Lewis, 148 S.W.3d 80, 86 (Tenn. Ct. App. 2003) (quoting Hataway v. McKinley, 830 S.W.2d 53, 59 (Tenn. 1992)). The alleged injuries in this case occurred in Tennessee, Stirling is a citizen of Tennessee, and the Hunts do not contend that another state's law should apply. Tennessee substantive law governs all tort claims.

IV. **Standard of Review**

A. Amendment

When amendment is no longer permitted as a matter of course, Federal Rule of Civil Procedure 15(a)(2) allows a party to amend his pleading only when he obtains the opposing party's written consent or leave of court. Fed. R. Civ. P. 15(a)(2). The Court "should freely give leave when justice so requires." Id. A party seeking leave to amend beyond the deadlines in the scheduling order must also comply with the requirements of Rule 16, which provides that the court's schedule may only be modified for good cause shown. Leary v. Daeschner, 349 F.3d 888, 906 (6th Cir. 2003); Fed. R. Civ. P. 16(b)(4).

Although leave to amend should be freely given, when "deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, and futility of amendment." Brumbalough v. Camelot Care Ctrs., Inc., 427 F.3d 996, 1001 (6th Cir. 2005). Although "delay by itself is not sufficient reason to deny a motion to amend," when "amendment is sought at a late stage in the litigation, there is an increased burden to show justification for failing to move earlier." Wade v. Knoxville Utils. Bd., 259 F.3d 452, 458–59 (6th Cir. 2001) (internal citations omitted). "'A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss.'" Riverview Health Inst. LLC v. Medical Mut. of Ohio, 601 F.3d 505, 520 (6th Cir. 2010) (quoting

<u>Rose v. Hartford Underwriters Ins. Co.</u>, 203 F.3d 417, 420 (6th Cir. 2000)).

**B. Motion to Dismiss**

In addressing a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the court must construe the complaint in the light most favorable to the plaintiff and accept all well-pled factual allegations as true. <u>League of United Latin Am. Citizens v. Bredesen</u>, 500 F.3d 523, 527 (6th Cir. 2007). A plaintiff can support a claim "by showing any set of facts consistent with the allegations in the complaint." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 563 (2007). This standard requires more than bare assertions of legal conclusions. <u>Bovee v. Coopers & Lybrand C.P.A.</u>, 272 F.3d 356, 361 (6th Cir. 2001). "[A] formulaic recitation of the elements of a cause of action will not do." <u>Twombly</u>, 550 U.S. at 555. Any claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." <u>Erickson v. Pardus</u>, 551 U.S. 89, 93 (2007) (<u>per curiam</u>). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 555).

Nonetheless, a complaint must contain sufficient facts "to 'state a claim to relief that is plausible on its face'" to

survive a motion to dismiss. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678 (citation omitted). A plaintiff with no facts and "armed with nothing more than conclusions" cannot "unlock the doors of discovery." Id. at 679.

## V. Analysis

The Hunts object to Stirling's First Amended Complaint on three grounds. First, they contend that Stirling's claims against Barry Hunt are precluded by the doctrine of res judicata because Stirling did or should have brought all of them in the case he filed against Barry Hunt in 2010. Second, they contend that Stirling's claims against Teresa Hunt are not properly before the Court because Stirling cannot establish that the Court has personal jurisdiction over Teresa Hunt, a resident of Mississippi. In the alternative, they argue that Stirling fails to state a claim for which relief can be granted against Teresa Hunt.

Stirling seeks to amend his First Amended Complaint to address these objections. The Hunts argue that his proposed amendments

should be denied as futile because they are insufficient to demonstrate that the Court has jurisdiction over Teresa Hunt, and they do not set forth any claims against Barry Hunt that are not barred by res judicata.

**A. Proposed Amended Complaint Against Barry Hunt**

Stirling seeks to add factual allegations and a cause of action to his First Amended Complaint stating that Barry Hunt conducted business without a license in Tennessee and entered into a contract relating to foreclosure in violation of the Tennessee Code. (Prop. Am. Compl. ¶ 3, ECF No.17-1.) Stirling also seeks to add allegations that Hunt referred Stirling to Hunt's own attorney when Stirling requested legal advice about the foreclosure of his mortgage. (Id. ¶ 4.) Stirling seeks to add language to his First Amended Complaint elaborating Hunt's alleged "breach of the standard of care for mortgage professionals" and Stirling's "detrimental reliance" on Hunt's alleged fraud. (Id. ¶¶ 6-7.) Stirling also seeks to add an allegation that Hunt used "malicious and improper means to procure a business relationship" with Stirling. (Id. ¶ 8.)

The Hunts argue that every claim raised by Stirling in his Proposed Amended Complaint could have been brought and litigated in Stirling's prior case before this Court, Stirling v. Wells Fargo Home Mortgage, et al., No. 2:10-cv-2254 (W.D. Tenn. Dec. 6, 2010), and that all claims are therefore barred by the

doctrine of res judicata, specifically claim preclusion. If Stirling's claims are barred by claim preclusion, they cannot survive a motion to dismiss and his amendments are futile.

The doctrine of res judicata includes both claim preclusion and issue preclusion. Brooks v. Whirlpool Corp., 499 F. App'x 450, 451 (6th Cir. 2012). Issue preclusion "is when a judgment forecloses 'relitigation of a matter that has been litigated and decided.'" Id. (quoting Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 77 n.1 (1984)). Claim preclusion "'refers to the effect of a judgment in foreclosing litigation of a matter that has never been litigated, because of a determination that it should have been advanced in an earlier suit.'" Id. A defendant may rely on res judicata when he can show that: "(1) a court of competent jurisdiction rendered a prior judgment; (2) the prior judgment was final and on the merits; (3) both proceedings involved the same parties or their privies; and (4) both proceedings involved the same cause of action." Hooker v. Haslam, 393 S.W.3d 156, 165 n.6 (Tenn. 2012).

Barry Hunt argues that Stirling is barred by res judicata from litigating new claims that arise from the same transaction or occurrence that formed the basis of Stirling's cause of action in Wells Fargo. Hunt contends that all of Stirling's proposed amended facts and claims arise from that transaction or occurrence and that amendment is futile because Stirling's

11

Proposed Amended Complaint, including those facts and claims, could not survive a motion to dismiss. All of Stirling's proposed amended facts and claims arise from his alleged attempt to modify his mortgage and the foreclosure of the mortgage on his property. Stirling's proposed amendments do not affect the legal sufficiency of Stirling's First Amended Complaint for purposes of res judicata. Because both Hunt and Stirling address res judicata more completely in their filings related to the First Amended Complaint, the Court will consider those arguments in deciding whether Stirling's proposed amendments are futile. (See Mem. in Supp. of Mot. to Dismiss, ECF No. 7; Pl.'s Resp. to Mot. to Dismiss, ECF No. 10.)

Hunt argues that all conditions of res judicata have been met because the claims Stirling brings against him could have been brought in the previous action, which arose from the same circumstances and which was dismissed on the merits by this Court. (Mem. in Supp. of Mot. to Dismiss.) Stirling does not contest that a court of competent jurisdiction entered the prior judgment or that both proceedings involve the same parties. (See Pl.'s Resp. to Mot. to Dismiss.) He does not specifically address whether the two proceedings involve the same cause of action, but he impliedly admits that they do in his arguments about whether the judgment was final and on the merits. (Id.)

Stirling argues that he alleged claims for breach of contract, fraud, and "other torts" against Hunt in <u>Wells Fargo</u> and that Hunt did not address those claims in his motion to dismiss in that case. (<u>Id.</u>) Stirling contends that, because the Court dismissed his claims against Hunt on the basis of the arguments in Hunt's motion to dismiss, Stirling's common law tort claims were never decided, and he was entitled to refile those claims under the Tennessee Savings Statute allowing a new action after an adverse decision. Tenn. Code Ann. § 28-1-105. The savings statute provides, in relevant part, that "[i]f the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding the plaintiff's right to action...the plaintiff...may...commence a new action within one (1) year." <u>Id.</u> at § 28-1-105(a).

Stirling's argument is unavailing. Stirling's Amended Complaint in <u>Wells Fargo</u> explicitly states that he brings suit "pursuant to the Fair Debt Collection Practices Act (FDCPA)...and the Tennessee Consumer Protection Act of 1977...for damages to redress breach of contract and fraud committed by the Defendant Barry Hunt." (Am. Compl., No. 10-2254, ECF No. 6.) Stirling does not allege any causes of action under the common law of the state of Tennessee. The Court considered and dismissed Stirling's claims against Hunt on their

merits under these two legal frameworks, stating that all of Stirling's claims had been dismissed. (Order Granting Mot. to Dismiss, No. 10-2254, ECF No. 30.) Stirling cites no authority obligating the Court to address every possible claim that could be read into a plaintiff's complaint, even if he does not specifically allege it. Stirling did not plead common law causes of action for fraud or breach of contract in <u>Wells Fargo</u> and cannot now contend that the Court failed to enter final judgment terminating his right of action because it did not dismiss his case on those grounds.

The Court's Judgment in <u>Wells Fargo</u> is final and dismisses Stirling's cause of action against Hunt relating to the foreclosure of his property in its entirety on the merits. (Judgment, No. 10-2254, ECF No. 40.) Any claim relating to Stirling's foreclosure should have been brought in <u>Wells Fargo</u>. All claims in the instant case arising from that transaction are barred by res judicata. Stirling does not bring any claims against Barry Hunt in this case, either in Stirling's First Amended Complaint or the Proposed Amended Complaint, that arise from a different set of facts or circumstances. The claims raised by Stirling's Proposed Amended Complaint are barred by res judicata and amendment is futile. Stirling's Motion to Amend as to Barry Hunt is DENIED.

**B. Proposed Amended Complaint Against Teresa Hunt**

Stirling seeks to add jurisdictional allegations to his First Amended Complaint stating that Teresa Hunt worked in a business partnership with Barry Hunt providing foreclosure rescue services and that the Court has personal jurisdiction over Teresa Hunt pursuant to Tenn. Code Ann. §§ 20-2-214, 20-2-223, and 20-2-225. (Prop. Am. Compl. ¶ 1.) Stirling seeks to add factual allegations that Teresa Hunt handled the collection of fees as a partner in the business. (Id. ¶ 2.) He also seeks to add allegations that the Hunts knowingly conducted business in Tennessee without a license and entered into a contract relating to foreclosure in violation of Tenn. Code Ann. § 47-18-5402. (Id. ¶¶ 3, 5.) Stirling seeks to add amended causes of action stating that the Hunts "breached the standard of care for mortgage professions" and that Stirling detrimentally relied on the Barry Hunt's fraudulent misrepresentations made with the acquiescence of Teresa Hunt. (Id. ¶¶ 6-7.) Stirling also seeks to amend his cause of action for tortious interference with contract to state that Barry Hunt used malicious and improper means, with the acquiescence of Teresa Hunt, to procure a business relationship with Stirling. (Id. ¶ 8.)

The Hunts argue that Stirling's proposed amendments are futile because they do not establish that the Court has personal jurisdiction over Teresa Hunt and because, even if they do

establish jurisdiction, they fail to state a claim on which relief can be granted on any of the grounds alleged.

The party asserting personal jurisdiction has the burden to demonstrate that jurisdiction exists. Schneider v. Hardesty, 669 F.3d 693, 697 (6th Cir. 2012). The "'weight of [the] burden...depends on whether the trial court chooses to rule on written submissions or to hear evidence on the personal jurisdiction issue.'" Id. (quoting Serras v. First Tennessee Bank Nat'l Assoc., 875 F.2d 1212, 1214 (6th Cir. 1989) (alteration in original)). "When the district court 'rules on written submissions alone' the burden consists of 'a prima facie showing that personal jurisdiction exists.'" Id. (emphasis in original). The Court "must view the pleadings and affidavits in the light most favorable to [the plaintiff] and not consider the controverting assertions of [the defendant]." Calphalon Corp. v. Rowlette, 228 F.3d 718, 721 (6th Cir. 2000). The Court did not conduct an evidentiary hearing on this issue, and Stirling must therefore satisfy only the prima facie standard.

In a diversity case, the Court uses a two-part test to determine whether it has personal jurisdiction over a defendant. "The exercise of personal jurisdiction is valid only if it meets both the state long-arm statute and constitutional due process requirements." Id. Tennessee's long-arm statute "'has been interpreted to be coterminous with the limits on personal

jurisdiction imposed by the Due Process Clause of the United States Constitution, and thus, the jurisdictional limits of Tennessee law and of federal constitutional law of due process are identical.'" Smith v. Home Depot USA, Inc., 294 F. App'x 186, 189 (6th Cir. 2008) (quoting Intera Corp. v. Henderson, 428 F.3d 605, 616 (6th Cir. 2005) (internal quotations omitted)). Because the analysis merges, the Court need only determine whether the exercise of personal jurisdiction over Teresa Hunt would satisfy the requirements of due process.

Due process "requires that a defendant have 'minimum contacts...with the forum State...such that he should reasonably anticipate being haled into court there.'" Schneider, 669 F.3d at 701 (quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980)). A court's exercise of personal jurisdiction must "'not offend traditional notions of fair play and substantial justice.'" PT Pukuafu Indah v. United States SEC, 661 F.3d 914, 920 (6th Cir. 2011) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (internal quotations omitted)). Personal jurisdiction can be general or specific. General jurisdiction "is found where contacts 'are so continuous and systematic as to render [a foreign defendant] essentially at home in the forum state.'" Schneider, 669 F.3d at 701 (quoting Goodyear Dunlop Tire Ops., S.A. v. Brown, 131 S. Ct. 2846, 2851 (2011) (alteration in original)). Specific jurisdiction

"'depends on an affiliatio[n] between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.'" Id. (alteration in original). Stirling alleges only that the Court has specific jurisdiction over Teresa Hunt based on her alleged acts in conjunction with Stirling's attempt to modify his mortgage and the subsequent foreclosure. In the Sixth Circuit, "a finding of specific jurisdiction comprises three elements":

> First the defendant must purposely avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

Conn v. Zakharov, 667 F.3d 705, 713 (6th Cir. 2012) (restating the Southern Machine factors from S. Mach. Co. v. Mohasco Indus., Inc., 401 F.2d 374, 381 (6th Cir. 1968)).

Purposeful availment is essential to a finding that a court has personal jurisdiction. Intera, 428 F.3d at 616. The requirement prevents defendants from being haled into a jurisdiction "solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person." Schneider, 669 F.3d at 701 (quoting Citizens Bank v. Parnes, 376 F. App'x 496, 502 (6th Cir. 2010)).

18

The Sixth Circuit has held that "purposeful availment may exist when a defendant makes telephone calls and sends facsimiles into the forum state and such communications 'form the bases for the action.'" Intera, 428 F.3d at 616 (quoting Neal v. Janssen, 270 F.3d 328, 332 (6th Cir. 2001). It has also held that the "'actual content' of communications into the forum state that give rise to an intentional tort action may constitute purposeful availment." Id.

The "arising from" prong of the Southern Machine test is satisfied "when the operative facts of the controversy arise from the defendant's contacts with the state." Calphalon, 228 F.3d at 723. Personal jurisdiction "may exist over a defendant although he is not physically present in the forum if he 'purposely directs communications into the forum, and those communications form the "heart" of the cause of action,'" because "'physical presence is not the touchstone of personal jurisdiction.'" Intera, 428 F.3d at 617 (quoting Neal, 270 F.3d at 333). The "arising from" requirement is "subject to a lenient standard." Schneider, 669 F.3d at 703. It "'does not require that the cause of action formally "arise from" defendant's contacts with the forum; rather this criterion requires only that the cause of action, of whatever type, have a substantial connection with the defendant's in-state activities.'" Bird v. Parsons, 289 F.3d 865, 875 (6th Cir.

19

2002) (quoting _Third Nat'l Bank v. WEDGE Group, Inc._, 882 F.2d 1087, 1091 (6th Cir. 1989)).

The third prong requires that "the defendant have a sufficiently substantial connection to the forum such that the exercise of jurisdiction is not unreasonable." _Schneider_, 669 F.3d at 703. When the first two prongs are met, "'an inference of reasonableness arises and only the unusual case will not meet [the substantial connection] criteri[on].'" _Id._ (quoting _Air Prods. & Controls, Inc. v. Safetech Int'l, Inc._, 503 F.3d 544, 554 (6th Cir. 2007) (alteration in original)). To determine whether an exercise of jurisdiction is reasonable the Court considers "'(1) the burden on the defendant; (2) the interest of the forum state; (3) the plaintiff's interest in obtaining relief; and (4) other states' interest in securing the most efficient resolution of the policy.'" _Id._

Stirling alleges that the Court has personal jurisdiction over Teresa Hunt under the Tennessee long-arm statute. The long-arm statute provides jurisdiction "over non-residents on '[a]ny basis not inconsistent with the constitution of [Tennessee] or of the United States'...and also as to '[a]ny tortious act or omission within [Tennessee].'" _Harris v. Lloyds TSP Bank, PLC_, 281 F. App'x 489, 492 n.3 (6th Cir. 2008) (quoting Tenn. Code Ann. § 20-2-214(a)). "'[I]f a tortious act is committed outside the state and the resulting injury is

sustained within the state, the tortious act and the injury are inseparable, and the jurisdiction lies in Tennessee.'" _Id._ (quoting _Neal_, 270 F.3d at 331). Stirling does not allege any tortious acts committed by Teresa Hunt individually. Her alleged liability is predicated on her alleged partnership with Barry Hunt and her alleged knowledge of and acquiescence in his alleged tortious activities.

Stirling's allegations as amended are insufficient to allow the Court to conclude that it has personal jurisdiction over Teresa Hunt. In _Rush v. Shavchuk_, the Supreme Court held that, "[w]hile the relationships among the parties may be of significance in evaluating their ties to the forum, the minimum requirements of _International Shoe_ must nevertheless be met as to each defendant over whom a court claims jurisdiction." 444 U.S. 320, 332 (1980). The "contacts of each defendant must be assessed individually." _Am. Copper & Brass, Inc. v. Mueller Eur., Ltd._, 452 F. Supp. 2d 821, 827 (W.D. Tenn. 2006).

Courts in the Sixth Circuit have elaborated on this requirement as it applies to personal jurisdiction and business associations. "Personal jurisdiction must be based on something that the defendant itself has done involving the forum." _Cupp v. Alberto-Culver USA, Inc._, 308 F. Supp. 2d 873, 878 (W.D. Tenn. 2004). When a corporation and its officers are named separately as defendants in an action, "'jurisdiction over the

individual officers of a corporation cannot be predicated merely upon jurisdiction over the corporation.'" Nova Int'l Res., LLC v. Andec, Inc., 875 F. Supp. 2d 804, 808 (W.D. Tenn. 2012) (quoting Weller v. Cromwell Oil Co., 504 F.2d 927, 929 (6th Cir. 1974)). The Court "must make an independent determination about whether it can exercise specific personal jurisdiction over an officer or agent named as a party." Id.

In Guy v. Layman, a court in the Eastern District of Kentucky applied the requirements of Rush to the question of personal jurisdiction and partnership. 932 F. Supp. 180 (E.D. Ky. 1996). The court held that to "exercise jurisdiction over [the individual defendant] based on his membership in the [defendant] partnership despite his lack of personal contacts with Kentucky" would be to "ignore[] the dictates of Rush." Id. at 183. The court found that "liability and jurisdiction are independent" such that even if all "partners have potential liability" based on the acts of the partnership, "they are independent for jurisdictional purposes." Id. In essence, "the possible contacts of the co-Defendants cannot be imputed to [the defendant partner] to establish the requisite minimum contacts necessary to exercise personal jurisdiction." Id.

Stirling's Proposed Amended Complaint alleges no actions taken by Teresa Hunt in Tennessee and no tortious acts she committed in a different jurisdiction that resulted in an injury

in Tennessee. Although Stirling alleges that the Hunts worked together in a partnership that took action in Tennessee, all of the actual acts of which he complains are those of Barry Hunt. Even if Stirling had stated the alleged torts as actions of the partnership rather than of Barry Hunt, those actions could not be imputed to Teresa Hunt on the sole basis of her membership in the partnership without violating <u>Rush</u>. Stirling's Proposed Amended Complaint does not satisfy any of the elements of <u>Southern Machine</u> as to Teresa Hunt, and Stirling fails to make a prima facie showing that the Court has personal jurisdiction. Because Stirling's Proposed Amended Complaint could not survive a motion to dismiss by Teresa Hunt, amendment is futile and Stirling's Motion to Amend as to Teresa Hunt is DENIED.

**C. Barry Hunt's Motion to Dismiss**

For the reasons stated above at section V(A), Stirling's claims against Barry Hunt in the First Amended Complaint are barred by the doctrine of res judicata. Barry Hunt's Motion to Dismiss Stirling's First Amended Complaint, (ECF No. 7), is therefore GRANTED.

**D. Teresa Hunt's Motion to Dismiss**

Stirling's First Amended Complaint does not allege any actions taken by Teresa Hunt in Tennessee or any tortious acts she committed in a different jurisdiction that resulted in an injury in Tennessee. For the reasons stated above at section V(B),

Stirling's First Amended Complaint does not make a prima facie showing of personal jurisdiction as to Teresa Hunt. Teresa Hunt's Motion to Dismiss Stirling's First Amended Complaint, (ECF No. 3), is therefore GRANTED.

## VI. Conclusion

For the foregoing reasons, Stirling's Motion to Amend Complaint is DENIED. Barry Hunt's Motion to Dismiss is GRANTED. Teresa Hunt's Motion to Dismiss is GRANTED. Stirling's claims against the Hunts are DISMISSED.

So ordered this 1st day of July, 2013.

s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE